# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: W.E.**

**No. 15-0183** (Webster County 13-JA-38)

**FILED**

September 21, 2015
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father W.E.-2, by counsel Timothy V. Gentilozzi, appeals the Circuit Court of Webster County's October 06, 2014, order terminating his parental rights to W.E.-1[1], a six year old child. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jamella Lockwood, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his petition for an improvement period and in terminating his parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 04, 2013, the West Virginia State Police interviewed petitioner regarding the sexual abuse of his child, W.E.-1 Petitioner gave a written statement admitting that he masturbated while the child was in bed with him and that he touched the child's penis. On June 06, 2013, petitioner was arrested on one count of first-degree sexual abuse. That same day, the DHHR filed an abuse and neglect petition alleging that petitioner sexually abused W.E.-1

At petitioner's, June 18, 2013, preliminary hearing was held and the circuit court found that imminent danger existed to the child, W.E. The circuit court removed the child from petitioner's care and an adjudicatory hearing was scheduled. Prior to the adjudicatory hearing, petitioner filed a motion for an improvement period, and the parties appeared for a multidisciplinary team ("MDT") meeting.

---

[1]The minor child and the petitioner father in this case have the same initials. The initials "W.E.-1" denote the minor child and the initials "W.E.-2" denote the petitioner father.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

Following the MDT meeting on July 10, 2013, the parties appeared for the adjudicatory hearing. Petitioner denied the allegations against him, and claimed that he was physically assaulted by the police prior to giving the recorded statement. The circuit court found petitioner's testimony of the alleged assault to be "not credible". The circuit court adjudicated W.E. an abused and neglected child.

Petitioner took the stand at his September 05, 2013, dispositional hearing, and after brief questioning, asserted his Fifth Amendment right against self-incrimination. Following the hearing, the circuit court entered a dispositional order finding (1) that petitioner denied the acts of sexual abuse, and (2) that the child wanted no contact with petitioner. The circuit court asked for additional information from the DHHR to aid in making a decision and ordered petitioner to undergo a forensic psychological evaluation. Petitioner underwent a forensic psychological evaluation at Saar Psychological Group. Following this dispositional hearing, petitioner's counsel withdrew and new counsel was appointed and the dispositional hearing was continued.

On October 02, 2013, petitioner completed psychological testing. The report indicated that petitioner and W.E. likely did not have a close relationship. The report also indicated that petitioner had misrepresented himself in the interview, that there was no evidence that petitioner had been physically assaulted prior to his booking photograph, and that his original confession of abuse was likely closer to the truth than petitioner's current statements. The report also indicated that petitioner's current prognosis for parenting was poor. On October 5, 2013, the circuit court entered an amended dispositional order in which it again found that petitioner denied he committed the acts of sexual abuse and that the child then four years old, wanted no contact with petitioner. The circuit court found no reasonable likelihood that petitioner could substantially correct the circumstances of abuse and neglect in the foreseeable future, and that the DHHR was not required to use reasonable efforts to preserve the family because of the aggravated circumstances of sexual abuse. Petitioner's parental rights were terminated by order dated the same day. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner alleges that the circuit court erred in terminating his parental rights because it was not in the best interests of the child.

We have previously stated that "[t]hough constitutionally protected, the right of the natural parent to the custody of minor children is not absolute and it may be limited or terminated by the State, as *parens patriae*, if the parent is proved unfit to be entrusted with child care." Syl. Pt. 5, *In the Matter of Ronald Lee Willis*, 157 W.Va. 225, 207 S.E.2d 129 (1973).

Further, West Virginia Code § 49-6-5 provides that termination may be employed without the use of less restrictive alternatives when it is found that there is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected. Syl. Pt. 2, *In re Dejah Rose P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). We have also maintained that the phrase "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" is defined as meaning that "based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse and neglect on their own or with help." *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873. Additionally, we have held that a respondent parent is not unconditionally entitled to an improvement period. *In re Charity H.*, 215 W.Va. 208, 599 S.E.2d 631(2004). In *Charity*, we noted "that entitlement to an improvement period is conditional upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence that the respondent is likely to fully participate in the improvement period.'" *Id.* Where an improvement period would jeopardize the best interests of the child, the improvement period will not be granted. *Id.* at 216, 599 S.E.2d at 639.

In the instant case, the circuit court properly terminated petitioner's rights to his child where it determined that petitioner committed sexual abuse of his child. Specifically, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The circuit court's findings were based on the fact that petitioner recanted his statement to police despite the fact that he provided both written and recorded statements to police that he inappropriately touched his son. Therefore, petitioner never took responsibility for the abuse and, in fact, denied the abuse occurred. According to our prior holdings, petitioner is not entitled to an improvement period if he does not admit any wrongdoing. See *In re Kaitlyn P.*, 225 W.Va. 123, 690 S.E.2d 131 (2010). As such, petitioner's denial of abuse left the circuit court no choice but to terminate his parental rights.

Further, contrary to petitioner's argument that a strong bond existed with his child, the child claimed that he did not wish to see or have contact with petitioner. The child's guardian recommended that petitioner not have any further contact with the child. Even the psychologist who performed petitioner's psychological evaluation indicated that it was not in the child's best interest to have contact with petitioner and that if petitioner was convicted he should have no further contact with his child. As such, it is clear that termination of petitioner's parental rights was in the best interests of the child.

For the foregoing reasons, we find no error in the circuit court's October 6, 2014, order, and we hereby affirm the same.

Affirmed.

3

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II